# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANC OF AMERICA STRATEGIC SOLUTIONS, INC., et al.,<br><br>                        Plaintiffs,<br><br>        vs.<br><br>NIAZ MOHAMED, JR., et. al.,<br><br>                        Defendants. | CASE NO. 07CV446 JLS (AJB)<br><br>**ORDER: DENYING DEFENDANTS' MOTION TO ENFORCE A SETTLEMENT AGREEMENT** |

Presently before the Court are Defendants' motion to enforce a settlement agreement [Doc. No. 67]; Plaintiffs' opposition [Doc. No. 69], and Defendants' reply [Doc. No. 70.] For the following reasons, the Court **DENIES** Defendants' motion.

## BACKGROUND

Bank of America, N.A. ("Bank of America") started loaning money to Mohamed sometime before 1987. Salico Farms, Inc. and 4-M Farms, Inc. ("Salico Farms and 4-M Farms") guaranteed payment of Bank of America's loans to Mohamed.

In February 2003, Bank of America assigned Mohamed's loan obligations, including the guaranties and security interests, to Bank of America Strategic Solutions, Inc. ("BASSI").

In March and August 2005, BASSI sent notices under California Commerical Code Section 9406 to a number of partnership and limited liability companies ("LLCs") in which Mohamed was believed to own an interest. The purpose of these "9406 Notices" was to inform these partnerships and LLCs that BASSI had a security interest in Mohamed's general intangibles, and to compel the partnerships and LLCs to pay all partnership and LLC distributions due to Mohamed to BASSI.

Mohamed, Salico Farms, and 4-M Farms (collectively the "Judgment Debtors"), Bank of America, and BASSI arbitrated their claims in September 2006, with the Hon. Gerald Lewis (Ret.) presiding. Justice Lewis issued a final Arbitration Award on February 20, 2007. On April 10, 2007, the Judgment Debtors stipulated to a judgment (the "Judgment") based on the Arbitration Award. [Doc. No. 7.] On April 24, 2007, the Judgment was amended. [Doc. No. 10.] On July 20, 2007, after unsuccessful efforts to collect on the Judgment, BASSI filed a motion for an appointment of a post-judgment receiver. [Doc. No. 35.] On September 25, 2007, this case was reassigned from Judge Thomas J. Whelan to this Court. [Doc. No. 46.] On November 21, 2007, this Court made findings as to the motion for a receiver, deferred issuing a ruling, and gave BASSI 30 days to move for a charging order. [Doc. No. 47.] BASSI timely filed that motion. [Doc. No. 48.]

On January 4, 2008 and on January 14, 2008, BASSI, the Judgment Debtors, and others met with Magistrate Judge Anthony J. Battaglia to discuss settlement. At the conclusion of the second settlement conference, the parties generally agreed on a settlement, and memorialized the terms in BASSI's counsel's handwritten notes. The precise settlement terms were not read into a court record. Even though the parties never completed documenting their settlement, the Judgment Debtors timely paid BASSI a portion of the settlement, and BASSI performed on some of its duties pursuant to the settlement terms.

After the settlement conferences, Mohamed's counsel prepared a settlement agreement, and BASSI's counsel prepared a limited release. The parties exchanged multiple drafts of the settlement agreement and ultimately failed to come to an agreement on the exact terms. On March 18, 2008, the parties appeared again before Judge Battaglia, but they did not resolve their differences. [See Pls.' Opp. at 1-9.] On April 8, 2008, Plaintiffs filed the instant motion seeking to enforce the oral "agreement" made in front of Judge Battaglia. [Doc. No. 67.]

- 2 -                                                                                                              07cv446

**DISCUSSION**

**I.    The Material Terms are Not Reflected on the Record**

A district court may enforce an oral settlement agreement when the parties placed the material terms of the settlement agreement on the record in open court. In Doi v. Halekulani Corp., 276 F.3d 1131, 1134 (9th Cir. 2002), the parties had negotiated a settlement that was placed on the record before the district court. The parties agreed that they would sign a written agreement memorializing the settlement, as well as a stipulation dismissing the action. Id. at 1135. The plaintiff subsequently declined to sign the agreement or stipulation, seeking instead to renegotiate the terms of the settlement. Id. Thereafter, the district court granted the defendant's motion to enforce the settlement agreement and awarded sanctions against plaintiff. Id. at 1136. The Ninth Circuit affirmed the ruling, holding that the district court had not abused its discretion in enforcing the settlement agreement because the parties clearly entered into a binding agreement in open court. The Ninth Circuit agreed with the district court that the terms and existence of the agreement were on the record and that the parties' written agreement accurately reflected the terms of the agreement on the record. Id. at 1139-40.

Following Doi, numerous district courts have enforced oral settlement agreements under similar circumstances. As in Doi, in these cases, the terms of the oral settlement agreement were read into the court record. Armstrong v. City & County of San Francisco, 2004 U.S. Dist. LEXIS 24505, *8-12 (N.D. Cal. June 15, 2004); Hubbard v. Yardage Town, Inc., 2005 U.S. Dist. LEXIS 40404, *6-10 (S.D. Cal. Nov. 29, 2005); Doe v. Washoe County, 2006 U.S. Dist. LEXIS 95312, *25-26 (D. Nev. Oct. 13, 2006); Schiff v. City & County of San Francisco, 2007 U.S. Dist. LEXIS 50532, *6-11 (N.D. Cal. July 12, 2007). Due to this record, the reviewing courts were able to analyze whether the oral agreements were consistent with the subsequent written agreements. In contrast, here, the only evidence of the actual terms agreed upon are the handwritten notes of one of the attorneys. [Giacinti Decl., Ex. A.] There is no transcript of the settlement proceedings and there is no court record of the exact terms agreed upon. As a result, under these circumstances, the Court is reluctant to enforce a an oral settlement agreement.

## II.     The Parties Did Not Agree On Material Terms

Putting aside the lack of a court record, the "agreement" is still unenforceable because the parties did not agree on material terms.  Under both California and federal law, settlement agreements are unenforceable when a material term is uncertain or undefined.  See Transamerica Equip. Leasing Corp. v. Union Bank, 426 F.2d 273, 274 (9th Cir. 1970); Elferd v. County of L.A., 2008 U.S. App. LEXIS 8324, *2 (9th Cir. Apr. 15, 2008); Lindsay v. Lewandowski, 139 Cal. App. 4th 1618, 1622-23 (2006).  The Ninth Circuit has specified that a district court may only enforce "complete" settlement agreements and has explained that a complete agreement is one where the parties have manifested their mutual assent to all the material terms.  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); Doi, 276 F.3d at 1136-40.  Further California courts have noted that: "[I]f an essential element is reserved for the future agreement of both parties, as a general rule[,] the promise can give rise to no legal obligation until such future agreement."  Weddington Prods. v. Flick, 60 Cal. App. 4th 793, 812 (1998) (citation omitted); see also  Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1120 (C.D. Cal. 2002) (citing Weddington and stating "If an essential element of the promise is reserved for future agreement, there is no binding contract until the open point is resolved.").

Further, both California and federal law have indicated that release provisions are material terms to a settlement agreement.  Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1125 (C.D. Cal. 2002) ("There is no doubt that release provisions are generally thought to be material terms of any settlement agreement"); Kohn v. Jaymar-Ruby, Inc., 23 Cal.App.4th 1530, 1534 (1994) ("As outlined above, there was substantial evidence that the parties reached a binding oral agreement at the March 30 settlement conference as to the material terms of a settlement--amount of payment, scope of release, confidentiality--and that all that remained to be done was a reduction of the agreement to a writing"); Doi, 276 F.3d at 1138 (referencing dismissal of the case with prejudice and a release as among the material terms of a settlement agreement placed on the record); Abbott Laboratories v. Alpha Therapeutic Corp., 164 F.3d 385, 388 (7th Cir. 1999) (noting that "the details of . . . release provisions . . . in settlement agreements are inherently material").

In the present action, the parties apparently came to an oral settlement agreement in front of Judge Battaglia, but the only "record" of the settlement terms is a one page handwritten note from BASSI's counsel. The note states, in part: "Exchange mutual limited releases including partnerships." [Giacinti Decl., Ex. A (spelling corrected).] There is no indication as to when these releases would take place, what the releases would state, and most importantly, specifically who the releases would pertain to. As a consequence, the parties engaged in subsequent disputes in documenting their general agreement. In particular, the parties disagreed about the details of BASSI's release, whether it would contain a revival clause, and whether it would extend to particular partnerships. [See Pls.' Opp. at 4-7, 15-18.][1] In conjunction with the releases, the Court also notes that disputes arose because the parties did not previously agree on the timing and form of the acknowledgment of satisfaction of judgment. [Pl.'s Opp. at 11-14.] Thus, in sum, the parties did not agree on material terms, and as a result, the Court will not enforce the purported oral settlement agreement.[2]

## CONCLUSION

For the following reasons, the Court **DENIES** Defendants' motion to enforce the settlement.

IT IS SO ORDERED.

DATED: July 14, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] The Court notes that this revival clause appears consistent with the parties' course of dealing. [Pls.' Opp. at 7, 20.]

[2] Accordingly, the Court also **DENIES** Defendants' request for a reimbursement of expenses related to filing their instant motion. [See Defs.' Motion at 6-7.]